April M. Linscott, ISB #7036
OWENS, McCREA, & LINSCOTT, PLLC
8596 N. Wayne Dr., Ste. A
Hayden, Idaho 83835
Phone:     (208) 762-0203
Fax:        (208) 762-0303
Email: alinscott@omllaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEANN ABELL,<br><br>                Plaintiff,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, RYAN ZINKE, Secretary; BUREAU OF LAND MANAGEMENT,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff, LEANN ABELL, by and through her counsel or record, April M. Linscott of Owens, McCrea & Linscott, PLLC, and for a cause of action, complains and alleges as follows:

## JURISDICTION, VENUE, AND THE PARTIES

1.      This action arises under federal law, particularly the Age Discrimination in Employment Act of 1967 (ADEA), as amended, Title 29 of the United States Code, Section 621, *et seq*.

2.      This Court has jurisdiction of the cause under the provisions of Title 29 of the United States Code, Section 621; and Title 28 of the United States Code, Section 1331.

3.      Venue is proper pursuant to Title 28 of the United States Code, Section 1391.

4.      Plaintiff, LeAnn Abell, at all times relevant to this action, resided in Kootenai County, within the District of Idaho.

5.      A substantial part, if not all, of the events or omissions giving rise to this Complaint occurred within the District of Idaho.

6.      Defendant, Department of the Interior is a department of the United States of America.  Among its powers is the power to sue and to be sued.

7.      Defendant, Ryan Zinke is the Secretary of the Department of the Interior.

8.      Defendant, Bureau of Land Management is a technical bureau of the Department of the Interior.

9.      At all times material hereto, Defendants acted under the color of the statutes, customs, ordinances, and usage of the United States of America.

10.      Plaintiff claims are sufficient to meet the jurisdictional requirements necessary to file a civil complaint in the United States District Court, for the District of Idaho.

## COMMON ALLEGATIONS

11.      At all times material hereto, Defendant Ryan Zinke was, and is, an officer or employee of the United States of America, or any agency thereof, acting in his official capacity or under color of legal authority.

12.      At all times material hereto, Plaintiff was an employee of the Bureau of Land Management, a technical bureau of the Department of Interior of the United States of America.  Plaintiff has worked for the Bureau of Land Management in the Coeur d'Alene Field Office as a Botanist since 1992.  Plaintiff's botanist position is zoned to support two field offices.

13.      Kurt Pavlat is Plaintiff's acting field manager, and the field manager of one of the two field offices Plaintiff's position supports.

14.     Plaintiff timely initiated an administrative proceeding for all allegations contained herein with the Equal Employment Office (EEO) of the Department of Interior.

15.     The EEO issued its Final Agency Decision and gave Plaintiff a Notice of Right to File a Civil Action.

16.     Plaintiff has exhausted her administrative remedies.

## CLAIM OF DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION BASED ON AGE

17.     Plaintiff re-alleges paragraphs 1 through 16 as if fully set forth herein.

18.     Plaintiff is a member of a constitutionally protected class.  She is over the age of forty (40).

19.     Plaintiff has at all times material hereto performed her job duties satisfactorily.

20.     Plaintiff has suffered adverse employment actions because of her age.  Those actions include, but are not limited to, the following:

- Denied opportunities which would lead to promotion;

- Denied training opportunities which would lead to pay raises and/or promotions;

- Subjected to increased standards of performance that other younger workers are not subjected to;

- Denied opportunities to relocate her position;

- Denied opportunities to work a more favorable schedule; and

- Disciplined without cause and because of her age.

21.     Plaintiff complained about the discriminatory conduct to Kurt Pavlat and Linda Clark.  Linda Clark is the District Manager over Kurt Pavlat.  Neither Kurt Pavlat nor Linda Clark took action regarding the complaints.

22.     Despite Plaintiff's complaints, other employees who are younger than Plaintiff, but otherwise similarly situated, were, and are, treated more favorably than Plaintiff.   Younger employees were given more favorable schedules, given more training and other job advancing opportunities, given more benefits, held to lesser performance standards, and not held accountable for violating regulations and law.   Further, statements were made by the Field Managers and District Managers regarding a desire to have and favor a younger workforce and to only hire and promote younger workers.

23.     After her complaints to Mr. Pavlat and Ms. Clark, Plaintiff was retaliated against.

24.     Defendants discriminated against and subjected Plaintiff to disparate treatment because of her age, with respect to her compensation, terms, conditions and privileges of her employment.

25.     Plaintiff filed an Equal Employment Opportunity age discrimination complaint. After filing the complaint, Plaintiff was subjected to additional retaliation.   Retaliation consisted of, but was not limited to, the following actions:

- Being called into her supervisor's office for meetings, during which groundless complaints were leveled at her;

- Her assistant was taken from her and assigned to a younger worker;

- Other work resources were taken from her, which caused her to miss certain critical deadlines;

- Exclusion from field office activities;

- Being threatened with termination of employment;

- Putting counseling sessions in her personnel file; and

- Subjecting her to formal discipline.

26.     The retaliatory discrimination was caused by Plaintiff's complaint of age discrimination.  Retaliation can be inferred due to the proximity in time between the timing of the complaint and the retaliatory behavior.

27.     The discrimination exhibited by Defendants was sufficiently severe or pervasive that it constituted a hostile work environment.  Plaintiff has been harassed and/or discriminated against on almost a daily basis.  Plaintiff was asked about when she was going to retire.  She was criticized for her older generation communication style.  Plaintiff was excluded from meetings and limited in her participation in other meetings.  Further, younger co-workers of Plaintiff were allowed to continually circumvent the chain of command, in order to cut Plaintiff out of all processes involving her employment.  Plaintiff was also publically reprimanded and disciplined, while Mr. Pavlat and Ms. Clark claimed to only reprimand and discipline younger workers in private.  Finally, Plaintiff's supervisor refused to take action on her reasonable accommodation request under the ADA.

28.     Defendants also employed policies and practices which indicated a preference based on age.  For example, Mr. Pavlat and other supervisors stated orally, and in writing, their preference for a younger work force and asked that all new hires be younger workers.  And, according to recent surveys, as many as 35% of all Bureau of Land Management employees experience some form of harassment; 21% of that harassment is based on age.

29.     Plaintiff is entitled to lost wages and benefits related to Defendants' failure to train and promote her, and for denial of benefits given to younger workers, and related to her ADEA claims.

30.     The Defendants should be enjoined from engaging in illegal discriminatory, hostile and retaliatory conduct.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.      For damages in the form of lost wages and benefits and/or nominal relief, as allowed by law;

B.      Equitable relief including:

- Deletion of adverse employment actions, taken in violation of the ADEA, from Plaintiff's employment records.

- Notice of Retaliation/Discrimination sent to persons who played any role in the administrative inquiry that underlies Plaintiff's claims.

- Notice of Retaliation/Discrimination to Plaintiff's peers and contemporaries employed by Defendants from date of complaint to current date.

- Defendants provide training and other advancement opportunities to Plaintiff, of which she was denied.

- Plaintiff be reassigned to report to the second field office to which she is assigned.

C.      For reasonable attorneys' fees and costs; and

D.      For such other further relief as the Court deems just and proper.

DATED this 29th day of December, 2017.

OWENS, McCREA & LINSCOTT, PLLC


/s/April M. Linscott
APRIL M. LINSCOTT, ISB#7036
Attorneys for Plaintiff