# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| LEANN ABELL,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, RYAN ZINKE, Secretary; BUREAU OF LAND MANAGEMENT,<br><br>    Defendants. | Case No.: 2:17-cv-00531-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 16)** |

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 16). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

## DISCUSSION

Plaintiff Leann Abell filed suit alleging age discrimination in her employment at the Bureau of Land Management ("BLM"), naming three defendants: (1) the Department of Interior ("DOI"), (2) the BLM, and (3) Secretary of the Interior Ryan Zinke. Through their Motion to Dismiss, Defendants argue that the DOI and the BLM should be dismissed from the case, leaving Secretary Zinke as the only proper defendant. *See generally* Defs.' Mem. ISO MTD (Docket No. 16-1). The Court agrees.

Addressing the question of whether the DOI and the BLM (as distinct entities) should be named defendants (along with Secretary Zinke), 42 U.S.C. § 2000e-16(c) states:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a), or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex, or

**MEMORANDUM DECISION AND ORDER -- 1**

> national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, <u>in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant</u>.

42 U.S.C. § 2000e-16(c) (emphasis added). Defendants submit that this provision applies to Plaintiff's claims of age discrimination and, in turn, "[o]nly the head of the agency or department may be sued, and only in his official capacity" – not the department/unit itself. Defs.' Mem. ISO MTD, p. 3 (citing *Williams v. Chu*, 641 F. Supp. 2d 31, 34 (D.D.C. 2009); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986)). Defendants therefore argue that the only proper defendant here is Secretary Zinke and that the DOI and the BLM must be dismissed. *See id*.

Plaintiff does not dispute 42 U.S.C. § 2000e-16(c)'s application here, but explains that "there is nothing that would connect Mr. Zinke to Ms. Abell's employment at BLM, but for Mr. Zinke's position as head of the Department of Interior, of which BLM is an arm." Pl.'s Opp. to MTD, p. 2 (Docket No. 18). Plaintiff goes on to state that a suit against Secretary Zinke in his official capacity is also a suit against the DOI and the BLM such that, "[w]hether the department, agency or unit is named additionally, is a distinction without a difference." *Id*. at p. 4.

Plaintiff's concerns in these respects are without traction, particularly when considering that the operative statute unequivocally states that in cases such as this, "the head of the department, agency, or unit . . . shall be the defendant." 42 U.S.C. § 2000e-16(c). With this in mind, only Secretary Zinke in the proper defendant; the DOI and the BLM are dismissed. There is no amendment to the Complaint that could cure this defect and allow the DOI and the BLM to remain as defendants. Defendants' Motion to Dismiss is therefore granted in these respects.

**MEMORANDUM DECISION AND ORDER -- 2**

# ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 16) is GRANTED. The DOI and the BLM are dismissed from this case.

DATED: November 27, 2018

Ronald E. Bush
Chief U.S. Magistrate Judge