# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| LEANN ABELL, | Case No.:  2:17-cv-00531-REB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE: JURY TRIAL RIGHT** |
| vs. | **AND** |
| UNITED STATES DEPARTMENT OF THE INTERIOR, RYAN ZINKE, Secretary; BUREAU OF LAND MANAGEMENT, | **MOTION TO STRIKE DEMAND FOR JURY TRIAL (Dkt. 97)** |
| Defendants, | |

On July 7, 2020, the Court held a telephonic status conference with counsel for both parties to discuss the availability of a jury trial in the context of Plaintiff's claims against Defendant.  For the reasons that follow, the Court concludes that no such right is available.

## RELEVANT BACKGROUND

1.      Plaintiff filed her Complaint against Defendant on December 29, 2017, later amending her Complaint on March 9, 2018.  *See* Compl. (Dkt. 1); Am. Compl. (Dkt. 8). Plaintiff made three claims, each drawn from the Age Discrimination in Employment Act ("ADEA") – age discrimination, retaliation, and hostile work environment.  *See* First Am. Compl., ¶¶ 1, 17-29 (Dkt. 8).  Plaintiff did not demand a jury trial.

2.      Defendant answered Plaintiff's Amended Complaint on March 23, 2018 and included a jury trial demand.  *See* Answer to Am. Compl. (Dkt. 10).

3.      On September 30, 2019, the Court granted, in part, and denied, in part, Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. *See generally* 9/30/19 MDO (Dkt. 62).  Though limited in scope, each of Plaintiff's claims against Defendant remained intact.  *See id.*

**MEMORANDUM DECISION AND ORDER - 1**

4.      On November 1, 2019, the Court entered an Order Setting Trial.  *See* Order

Setting Trial (Dkt. 65).  Therein, the Court indicated that a 4-day jury trial would commence on

July 20, 2020, but requested that, "[i]f either party believes that, instead, a bench/court trial is in

order, it shall so indicate via motion practice" and that any such motion shall be filed on or

before November 22, 2019.  *See id.* at p. 1, n.2.  No party objected to a jury trial.

5.      Hence, until recently, no specific examination of the question of the right to a jury

on claims premised upon the ADEA ever took place, with the parties' pre-trial filings (such as

proposed jury instructions and special verdict forms) presuming a jury trial.  However, when the

Court began to prepare a set of jury instructions for distribution to counsel in advance of trial, the

jury trial issue surfaced, prompting the Court to hold a conference on July 7, 2020 to discuss

with counsel whether a right to a jury trial exists in this case.

## DISCUSSION

"When a jury trial has been demanded . . ., the action must be designated on the docket as

a jury action [and] [t]he trial on all issues so demanded must be by jury unless . . . the court, on

motion or on its own, finds that on some or all of those issues there is no federal right to a jury

trial."  Fed. R. Civ. P. 39(a)(2).[1]

It has long been established that there is no right to a jury trial against a United States

agency unless Congress has expressly conferred such right by statute.  *See Lehman v. Nakshian*,

453 U.S. 156, 160 (1981).  In addition, "the [Supreme] Court has recognized the general

principle that the United States, as sovereign, is immune from suit save as it consents to be sued

and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the

---

[1]  FRCP 39 presumes a jury demand under FRCP 38, which preserves the "right" to a trial by jury "as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute."  Fed. R. Civ. P. 38(a).  Whether, in fact, a jury trial right exists within these parameters is the subject of this Memorandum Decision and Order.  *See infra.*

**MEMORANDUM DECISION AND ORDER - 2**

suit." *Id*. (internal quotation and alteration marks omitted).  "Thus, if Congress waives the Government's immunity from suit, the . . . right to a trial by jury [exists] only where that right is one of the terms of [the Government's] consent to be sued." *Id*. (internal quotation marks and citations omitted).  "Like a waiver of immunity itself, which must be unequivocally expressed, th[e] [Supreme] Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id*. at 160-61 (internal quotation marks and citations omitted).

Defendant's position is that a governmental agency is subject to suit only as permitted by statute.  Thus, for the right to a jury trial to exist against Defendant, the statute under which Plaintiff's claims arise must afford such a right.  In *Lehman*, however, the Supreme Court decided that a plaintiff does not have a right to a jury trial when asserting an ADEA claim against a federal employer.

In *Lehman,* the Supreme Court emphasized that the ADEA "authorizes civil actions against private employers and state and local governments, and [] *expressly* provides for jury trials" in those actions  *Id*. at 162 (emphasis in original); *see also* 29 U.S.C. § 626(c)(1) ("a person shall be entitled to a trial by jury of any issue of fact in such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.").  Yet, in the separate (and later enacted) section of the ADEA concerning only federal employers, there is no such express jury trial right.  *See* 29 U.S.C. § 633a.  Therefore, the Supreme Court concluded that Congress "knew how to provide a statutory right to a jury trial when it wished to do so elsewhere in the very legislation cited[,] . . . [b]ut in [29 U.S.C. § 633a] it failed explicitly to do so." *Lehman*, 453 U.S. at 162 (internal quotation marks and citations omitted).  Rather, as to suits against the federal government, the ADEA provides only that "[a]ny person aggrieved may bring a civil action in any Federal district

**MEMORANDUM DECISION AND ORDER - 3**

court of competent jurisdiction for such legal or equitable relief." 29 U.S.C. § 633a(c). And "no

particular significance can be attributed to the word 'legal' when "the Seventh Amendment has

no application in actions at law against the Government . . . ." *Lehman*, 453 U.S. at 163.

Additionally, reviewing the legislative history, the Supreme Court emphasized that the

ADEA "originally applied only to actions against private employers," and when Congress

expanded the scope of the ADEA to include local and state governments, they were "added as

potential defendants by a simple expansion of the term 'employer' in the ADEA," thereby

applying the same substantive and procedural provisions as private employers. *Id.* at 166; *see*

*also* 29 U.S.C. § 626(c)(1). "In contrast, Congress added an entirely new section, [29 U.S.C.

§ 633a], to address the problems of age discrimination in federal employment," and "deliberately

prescribed a distinct statutory scheme applicable only to the federal sector," where "there was no

right to trial by jury." *Id.* at 166-67.

In sum, the Supreme Court ruled that because "[t]here is no generally applicable jury trial

right that attaches when the United States consents to suit, the accepted principles of sovereign

immunity require that a jury trial right be clearly provided in the legislation creating the cause of

action." *Id.* at 162, n.9. And, with respect to claims against federal employers under the ADEA,

"Congress has most obviously not done so here." *Id.* at 168; *see also id.* at 168-69 ("The

conclusion is inescapable that Congress did not depart from its normal practice of not providing

a right to trial by jury when it waived the sovereign immunity of the United States.").

If Plaintiff had demanded a jury trial and Defendant then moved to strike that demand,

*Lehman* would operate to foreclose any such claimed right. But here the scenario is reversed,

with Defendant – not Plaintiff – originally demanding a jury trial. Even so, the focus is upon

whether a right to a jury trial exists at all and this Court concludes that a jury trial right is clearly

and unequivocally *not* permitted under the ADEA. As *Lehman* instructs, for a jury trial right to

**MEMORANDUM DECISION AND ORDER - 4**

even exist in the first instance, the ADEA itself must provide for one.  There is no such right for claims against federal employers.  Therefore, Defendant's jury trial demand was a nullity at the outset, and not, as Plaintiff argues, a separate waiver of any additional immunity (from, for example, jury trials) beyond what Congress and the ADEA have specifically prescribed.[2]

Accordingly, because each of Plaintiff's claims against Defendant is tethered to the ADEA, and because the ADEA does not provide a right to a jury trial in this setting, there is no right to a jury trial on Plaintiff's claims against Defendant.

## ORDER

For the reasons stated above, IT IS HEREBY ORDERED that no right to a trial by jury is permitted on Plaintiff's ADEA claims against Defendant.  Unless otherwise ordered, the trial set to begin on July 20, 2020 (Dkt. 65) will be conducted as a bench trial beginning that same day. A separate Amended Order Setting Trial will be issued.

///

///

///

///

///

///

///

---

[2]  Plaintiff's attempts to analogize Defendant's jury trial demand here with instances involving a federal defendant's waiver of sovereign immunity rights by virtue of its participation in a suit do not overcome *Lehman's* straightforward holding that Congress simply did not provide for jury trials under the ADEA against the federal government.  Plaintiff has not provided any authority in this Circuit or elsewhere – and the Court's own research has not revealed any – directly addressing the issue of whether a federal defendant can insist upon a right not otherwise enunciated or implied within a statute giving rise to a cause of action.

**MEMORANDUM DECISION AND ORDER - 5**

For the same reasons, IT IS ALSO HEREBY ORDERED that Defendant's Motion to Strike Demand for Jury Trial (Dkt. 97) is GRANTED.[3]

DATED: July 9, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge

---

[3] Whether Defendant sought to withdraw its jury demand or, even, moved to strike the jury demand is largely inconsequential in light of the Court's consideration of *Lehman* and FRCP 39(a)(2). That is, even without such filings, the Court would have addressed the issue of whether a right to a jury trial existed on Plaintiff's ADEA claims against Defendant. To be clear, no such right exists. *See supra*. Moreover, even if Plaintiff and Defendant consented to a jury trial, the Court would likely not allow it. *See* Fed. R. Civ. P. 39(c)(2) ("In an action not triable of right by a jury, the court, on motion or on its own . . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, *unless the action is against the United States and a federal statute provides for a nonjury trial*.") (emphasis added). Finally, any argument that a party cannot unilaterally withdraw a jury demand presumes a right to a jury trial, such that, only "[a] *proper* demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d) (emphasis added). Again, there is no right to a jury trial here and, thus, no proper demand for one. *See supra*.

**MEMORANDUM DECISION AND ORDER - 6**